**Daryl Lee HART, Petitioner–Appellant,**

v.

**MARION CORRECTIONAL INSTITU-TION; Attorney General, State of Ohio, Respondents–Appellees.**

**No. 90–3300.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 31, 1991.

Decided March 5, 1991.

John Boyd Binning (argued), Columbus, Ohio, for petitioner-appellant.

Stuart A. Cole, Asst. Atty. Gen. (argued), Columbus, Ohio, for respondents-appellees.

Before MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Daryl Lee Hart pled guilty to six counts of rape on January 14, 1986. He filed a petition for writ of habeas corpus on April 28, 1989, asserting that his guilty plea was not knowingly, intelligently and voluntarily entered and that he received ineffective assistance of counsel. The trial judge and Hart's attorneys incorrectly informed him that his maximum period of incarceration would only be 15 years. The actual period is 75 years, which Hart learned only after he entered his plea. Because of this, we find that Hart did not intelligently enter his plea; thus, we grant the writ of habeas corpus.

Hart was indicted by a grand jury on eleven counts of rape, five counts of child endangering, and three counts of corruption of minors. All of the alleged offenses occurred while Hart and his wife served as foster parents for the Lucas County Children Services Board. The nineteen count indictment involved nine different children whose ages ranged from five to thirteen years, and nine of the charges carried mandatory life sentences.

On January 14, 1986, Hart entered into a plea agreement, pleading no contest to six counts of rape in return for a deletion of the element of force from those rape counts, a dismissal of the other thirteen counts, and a promise not to bring any further charges relating to sexual assaults of any foster children against Hart. Hart

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

was sentenced to a term of thirty to seventy-five years of incarceration.

After serving over a year in prison, Hart filed in the Court of Common Pleas of Lucas County a motion to withdraw his plea. The crux of his assertion was, as it is here, that he did not know the true sentencing possibilities, and if he had, he would not have accepted the plea. The court laconically rejected Hart's motion, ruling:

> The court finds that the defendant was made aware of the actual sentencing possibilities.
>
> Even if he was not aware of the actual sentencing possibilities, the defendant testified to other reasons for entering the pleas which indicated that the defendant would have entered the pleas anyway.

The state appellate court affirmed this judgment and the Supreme Court of Ohio overruled a motion for leave to appeal.

Hart then filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The district court dismissed Hart's petition and this timely appeal followed.

Hart first argues that his plea was not knowingly, intelligently, and voluntarily entered into and, thus, his right to due process was denied. He bases this argument upon his assertion that he did not know the true sentencing possibilities at the time he entered his plea.

The United States Supreme Court has often reiterated that in order to satisfy the dictates of due process a plea of guilty must be a voluntary, knowing, intelligent act. *See, e.g., Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *See Johnson v. Zerbst*, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022–23, 82 L.Ed. 1461 (1930). The defendant must at least have a "sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469; *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

Hart filed his petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2254(d) states, in relevant part:

> (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear,
>
> . . . .
>
> (7) that the applicant was otherwise denied due process of law in the State court proceeding;
>
> (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determinations is not fairly supported by the record . . .

"[T]he interest in federalism recognized by Congress in enacting § 2254(d) requires deference by federal courts to factual determinations of all state courts." *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1980). These factual determinations of either trial or appellate courts are not to be overturned, *Id.; see Wainwright v. Goode*, 464 U.S. 78, 85, 104 S.Ct. 378, 382–83, 78 L.Ed.2d 187 (1983) (state appellate court resolution of ambiguity in trial court statement entitled to deference), unless they are not "fairly supported by the record." 28 U.S.C. § 2254(d)(8). In this case our review involves an identical record to that considered by the state courts, a factor the Supreme Court has considered important in measuring the deference we must give to

those courts. *See Sumner,* 449 U.S. at 547, 101 S.Ct. at 769. Because the state courts have already determined that Hart did know the actual sentencing possibilities at the time of his plea, we must give deference to those factual determinations and look to the "record as a whole" to judge Hart's claim. 28 U.S.C. § 2254(d)(8).

Central to Hart's claim is the following exchange between the court and Hart:

> THE COURT: Do you understand the penalties that can be imposed in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. And I'm going to explain them to you for the record just to make sure that you understand what they are.
>
> Those penalties involves sentences on each case of five, six, seven, eight, nine, ten to twenty-five years and a fine in each case of up to ten thousand dollars, do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you also understand that if I choose to do so I can run—I can impose maximum sentences and run those sentences consecutively, which in essence would give you penalties of 60 to 150 years. *However, the Ohio Revised Code Section 2929.41 says that the maximum sentence that could be served on consecutive multiple sentences is a period of 15 years. You understand that?*
>
> THE DEFENDANT: *Yes, sir.*
>
> ....
>
> THE COURT: All right. Do you understand everything that I have said to you here this afternoon?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand everything that your attorneys and the prosecutor have said here this afternoon?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And is it still your desire then to enter pleas of no contest to six counts of rape, each being an aggravated felony of the first degree?
>
> THE DEFENDANT: Yes, sir.

(emphasis added). This record shows that the court informed Hart he could be sentenced from 60 to 150 years. The court immediately qualified that information by adding that the maximum period he could *serve* for the sentence would be 15 years. Nowhere does the record show that Hart was informed before entering his plea of the true sentence, a minimum of 30 years and a maximum of 75. He was informed by the court of this range at his sentencing hearing, but again at the hearing, the court stated that under Ohio law he would only serve 15 years of the sentence:

> I would state additionally and parenthetically, that if the Court by law was capable of sentencing you to more time, to have you separated from the society for a longer period of time, I would. However, Revised Code Section 2929.41 requires that even though I have just sentenced you to a sentence of not less than 30 nor more than 75 years, that *the period of incarceration that can be served in this type of case is a maximum period of 15 years, and for that reason I care not to indulge in the folly of sentencing you to any greater sentence.*

(emphasis added). Although this statement occurred after Hart entered his plea, it is evidence that the trial judge himself did not understand the consequences of the plea agreement and, accordingly, did not give Hart correct information on the consequences of his plea.

The examinations of Hart's attorneys set out in the record shows Hart also received the same incorrect information from them with relation to the consequences of his plea:

> QUESTION: Now, Mr. Runner, did you tell Daryl Hart on January 14, 1986 that he would serve a maximum sentence of 15 years?
>
> MR. RUNNER: Yes.
>
> ....
>
> QUESTION: And the point Daryl agreed to enter a plea of no contest to six counts of rape contained in two indictments, was this subsequent to your advising Daryl that he would receive a maximum sentence of 15 years?
>
> MR. RUNNER: Yes....

. . . .

QUESTION: Mr. Overley, on January 14, 1986, did you inform or did Mr. Runner in your presence inform Mr. Hart that he would receive the maximum sentence of 15 years regardless of whether the sentences were concurrent or consecutive?

MR. OVERLEY: Yes.

The state appellate court found that Hart did receive "conflicting, arguably erroneous information regarding the maximum sentence involved," but it agreed with the trial court in determining that Hart was aware of the actual sentencing possibilities. We must give deference to this determination only if it is "fairly supported by the record." 28 U.S.C. § 2254(d)(8). The record does not contain such support. The record shows Hart was incorrectly informed by his attorneys and the trial judge that his maximum period of incarceration would be 15 years. Only after Hart entered his plea was he made aware of the 30 to 75 year sentence and, even then, the judge added that a maximum period of 15 years could be served for the longer sentence. The record does not fairly support the factual findings of the state courts relating to Hart's knowledge of the consequences of his plea. To the contrary, the record shows he consistently received incorrect information: the trial judge told Hart the maximum sentence he could serve would be fifteen years and both of his attorneys told him the same.

We find that, because the trial judge and Hart's attorneys incorrectly informed Hart that his maximum period of incarceration would be 15 years and because he was incorrectly informed of the possible term of incarceration before the plea was entered, his plea was not entered with a "sufficient awareness of the relevant circumstances and likely consequences." Therefore, we hold that his plea to the charge as it resulted in the sentence he received was not intelligently entered. Because of this holding we do not need to address Hart's claim of ineffective assistance of counsel. We grant a conditional writ of habeas corpus, giving the State of Ohio ninety days in which the State must bring him before a different trial judge. If Hart is then given any sentence beyond that which Hart believed to be the maximum when he pled guilty, he must be allowed to withdraw his plea. *Cf. Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 2548 n. 11, 81 L.Ed.2d 437 (1984). The State may then try him under the original indictment or release him.