983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aaron J. GARNER, Petitioner-Appellant,
v.
William SEABOLD, Respondent-Appellee.
 No. 88-6177.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Aaron Garner appeals from the judgment dismissing his petition for a writ of habeas corpus. For the reasons stated below, we REVERSE and REMAND this case for further action.
 
 I.
 
 2
 Aaron J. Garner, (petitioner/defendant), filed a habeas corpus action in the district court challenging the ten year sentence that he received as the result of a 1985 conviction for arson in the Muhlenburg County Circuit Court (Kentucky).
 
 A. The Habeas Action
 
 3
 In 1984 Garner was convicted in the Logan County (Kentucky) Circuit Court for receiving stolen property. While on probation for that offense, he was charged in the Muhlenburg County (Kentucky) Circuit Court with second-degree arson and with being a second-degree persistent felony offender. Garner claims counsel incorrectly informed him that he was charged with first-degree persistent felony offender. The first-degree persistent felony offender charge carries a minimum ten year sentence, as opposed to the second-degree persistent felony offender charge, which carries an indeterminate sentence.
 
 
 4
 As a result of a plea bargain, Garner pled guilty to the charge of second-degree arson. The prosecution agreed to (1) drop the persistent felony offender charge, (2) recommend a ten year sentence, and (3) recommend that the sentence be made concurrent with any sentence imposed by the Logan Circuit Court as a result of Garner's probation violation. The Muhlenburg Circuit Court agreed to the recommendations made and sentenced Garner to ten years imprisonment to run concurrently with any sentence imposed by the Logan Circuit Court. The Logan Circuit Court subsequently sentenced Garner to two years imprisonment, but held that such term was to run consecutively and not concurrently with the Muhlenburg sentence.
 
 
 5
 As a result of the Logan Circuit Court's decision that the sentences would run consecutively and not concurrently, Garner filed a motion in the Kentucky state courts to vacate or set aside the Muhlenburg conviction on grounds of ineffective assistance of counsel and an invalid guilty plea. The Kentucky state courts denied relief. After exhausting all state remedies, Garner filed this pro se habeas action in the district court. The magistrate assigned to the case recommended that habeas relief be denied because Garner had received the full benefit of the plea bargain. The district court accepted the magistrate's recommendations and denied relief to Garner.
 
 B. The Appeal
 
 6
 The Staff Attorney's Office reviewed Garner's appeal and submitted the case for Rule 9 review. The Rule 9 panel referred the case to a three judge panel for oral argument and ordered that counsel be appointed to represent Garner. The government urged the court to affirm the denial of habeas relief, or to remand the action to the district court for an evidentiary hearing. The appeal was scheduled for oral argument on November 9, 1989.
 
 
 7
 The scheduled oral argument was never held. On the day of oral argument, counsel for both parties announced they had "settled" the action, stipulating that the action would be remanded for an evidentiary hearing. They then submitted a stipulated dismissal of the appeal. One month later, an order was entered granting the stipulation and dismissing the appeal under Rule 42(b). Garner was not aware of the agreement to dismiss the appeal.
 
 C. The Writ of Mandamus
 
 8
 After being informed of the "settlement", Garner returned to the district court and demanded an evidentiary hearing in his habeas action. The district court denied that request, concluding that it was not bound by any stipulation entered into by the parties, and that it was not required to hold an evidentiary hearing in the absence of a clear mandate from this Court to that effect. Garner then filed a mandamus petition. This Court denied the petition for a writ of mandamus, concluding that the order of dismissal was ambiguous and did not create an indisputable right to a hearing in the district court. However, this Court restored the appeal because Garner was not informed of the purported settlement until after his appeal was dismissed.
 
 II.
 A.
 
 9
 Garner asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel. First, he argues that his trial counsel erroneously informed him that he was charged with first-degree persistent felony offender. Second, Garner maintains that counsel failed either to investigate or to inform him whether the Logan Circuit Court would accept the terms of his Muhlenburg Circuit Court guilty plea which would allow him to serve his ten year sentence concurrent with the sentence that would be imposed by the Logan Circuit Court.
 
 
 10
 To establish ineffective assistance of counsel in the context of a guilty plea, Garner must show that his counsel's performance was deficient and, that but for counsel's error, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). The standard by which the court measures counsel's performance is highly deferential. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland court held that "[a] convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. Determining deficient performance and resulting prejudice is a mixed question of law and fact and is, therefore, freely reviewable by the appellate court. Strickland, 466 U.S. at 698.
 
 
 11
 With regard to Garner's first claim that counsel erroneously advised him that he was indicted for first-degree persistent felony offender instead of second-degree persistent felony offender, the transcript of Garner's plea indicates that the indictment was amended to delete the portion that charged him as a persistent felony offender. Page two of the transcript states:
 
 
 12
 THE COURT: ... The Court sustained such motion and those parts of the indictment charging the defendant as a persistent felony offender are hereby stricken. So, that leaves then second-degree arson?
 
 
 13
 Based on the transcript, it appears that even if counsel did erroneously advise Garner that he was indicted for persistent felony offender in the first degree, Garner only pled guilty to second-degree arson. Counsel's erroneous advice to Garner regarding the persistent felony offender charge did not affect Garner's decision to plead guilty to second-degree arson. Accordingly, Garner's claim that he was denied effective assistance of counsel lacks merit.
 
 
 14
 Garner's second argument is that counsel's performance was deficient for either not investigating or not informing him of whether the Logan Circuit Court would agree to the sentencing terms of the Muhlenburg Circuit Court, namely that the two sentences would run concurrently. There is no dispute that the plea bargain in this case was a ten-year sentence to run concurrently with the Logan Circuit Court sentence. In fact, at the sentencing hearing the court specifically inquired as to that portion of the plea bargain:
 
 
 15
 THE COURT: I believe there was a bargain on the concurrently though, wasn't there?
 
 
 16
 MR. MILLER: Yes, your Honor. It would be served concurrently.
 
 
 17
 THE COURT: And Miss Court Reporter, draw the judgment to run concurrently with any judgment of the Logan, Kentucky Circuit Court. (R. 3: Sentencing-Hearing Transcript, p. 6).
 
 
 18
 Neither the court, the prosecutor, nor Garner's counsel told Garner that the Logan Circuit Court would have the right to determine whether its subsequent sentence would be concurrent or consecutive.
 
 
 19
 In deciding an ineffective assistance of counsel claim, a court must first assess the reasonableness of counsel's conduct according to the facts of the particular case. Strickland, 466 U.S. at 695. The court must review counsel's performance to determine whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Id. If the court finds that counsel's actions were unreasonable it should then determine whether the defendant was prejudiced by such action. Id.
 
 
 20
 After reviewing the record of the plea, it is apparent that counsel's performance fell below the objective standard of reasonableness. Counsel advised his client to plead guilty to a ten year sentence, the lynch pin of the bargain being that he would be allowed to serve the sentence concurrent with the sentence to be imposed by the Logan Circuit Court. Counsel, however, either did not realize or failed to inform Garner that the final determination as to whether the two sentences were to run consecutively or concurrently was not with the court in which his client was entering the plea, but instead was with the Logan Circuit Court. Counsel should have inquired into whether the stipulation to concurrent sentences would be accepted by the Logan Court.
 
 
 21
 It is necessary to determine whether Garner was prejudiced by his counsel's ineffectiveness. Because the record is sparse and unclear, this case must be remanded to the district court for a determination of whether Garner would have pled guilty to a ten year sentence in the Muhlenburg Circuit Court if he were aware that the Logan Circuit Court was not bound by the provision of the plea bargain specifying that the Muhlenburg Circuit Court sentence run concurently with the Logan Circuit Court sentence.
 
 B.
 
 22
 Garner also argues that his guilty plea was not knowingly, intelligently or voluntarily entered. He bases this argument upon his assertion that he was unaware of the direct consequences of his plea at sentencing.
 
 
 23
 In order for a guilty plea to be valid under due process, it must be entered knowingly, intelligently and voluntarily. See, e.g., Brady v. United States, 397 U.S. 742, 748 (1970) (the defendant must at least have a "sufficient awareness of the relevant circumstances and likely consequences.") Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. See Machibroda v. United States, 368 U.S. 487, 493 (1972); Armstrong v. Egeler, 563 F.2d 796, 799 (6th Cir.1977).
 
 
 24
 As stated above, it is clear an integral part of the plea bargain was the imposition of concurrent sentences. There is no dispute that the trial court was made fully aware of the bargain before Garner's plea was accepted. In fact, the Muhlenburg Circuit Court advised Garner that the "only promise [that the government] can make to you is that I will accept [that the sentences will run concurrently]." Accordingly, the Muhlenburg Circuit Court made its sentence concurrent to the Logan Circuit Court's sentence. However, the court failed to inform Garner that the Logan Circuit Court was not bound by the concurrent sentencing provision of the Muhlenburg Circuit Court.
 
 
 25
 The respondent argues that Garner's plea was voluntary because precise knowledge of all possible penal ramifications from a plea does not necessarily render a plea invalid. United States v. Timmereck, 441 U.S. 780, (1979) (conviction based on guilty plea not subject to collateral attack when judge failed to describe special parole term); Brown v. Perini, 718 F.2d 784 (6th Cir.1983) (guilty plea voluntary when defendant alleged he was unaware of parole consequences). An omission, however, of possible parole consequences is markedly different from an omission of the unenforceability of a plea provision. The former is a collateral consequence of the plea, knowledge of which is not necessary to render the plea voluntary, while the later is a direct consequence of the plea, knowledge of which is critical to render the plea voluntary.
 
 
 26
 This Court has implied that whether a sentence is to be served concurrently or consecutively with another sentence is a direct consequence of a plea, rendering a plea invalid if unknown. Willis v. Jabe, 869 F.2d 1494 (6th Cir.1989) (unpublished per curiam). In Willis, the defendant argued that his guilty plea was involuntary because he believed that he would receive a concurrent sentence. The Court found that his claim was without merit because there was no agreement to have concurrent sentencing. The Court reasoned that Willis' subjective expectations regarding the possible length of the sentence did not render involuntary an otherwise valid plea. In contrast to what Willis believed, Garner's expectations were not subjective, but were commensurate with the expectations of the Muhlenburg Circuit Court. As the record reflects, the court clearly and unambiguously agreed and stipulated to concurrent sentencing.
 
 
 27
 This Court recently determined that the amount of time agreed to be served was a direct consequence of a plea agreement. Hart v. Marion Correctional Inst. 927 F.2d 256 (6th Cir.1991). In Hart, this Court found that because the trial judge and defense attorneys incorrectly informed the defendant of his maximum period of incarceration, the defendant's plea was involuntary. The Court, accordingly, granted the defendant's writ of habeas corpus.
 
 
 28
 In this case, whether the Muhlenburg Circuit Court was mistaken or simply failed to inform Garner of the unenforceability of the provision in the Logan Circuit Court is immaterial. The important fact yet to be determined is whether Garner had a full understanding of the direct consequences of his plea, rendering it intelligent, knowing, and voluntary. Therefore, we REMAND this case to the district court for an evidentiary hearing, to determine whether Garner knew that the Logan Circuit Court was not bound by the provision of the plea bargain specifying that the Muhlenburg Circuit Court sentence run concurrently with the Logan Circuit Court sentence.
 
 III.
 
 29
 For the foregoing reasons, we REVERSE and REMAND this case to the district court for an evidentiary hearing.
 
 
 30
 DAVID A. NELSON, Circuit Judge, concurring.
 
 
 31
 I concur in the judgment and in all but Part II A of Judge Keith's opinion. On remand, it seems to me, the dispositive issue in this case will be the voluntariness of Mr. Garner's guilty plea. If it is determined, after an evidentiary hearing, that the plea was not entered knowingly, intelligently and voluntarily, Mr. Garner will be entitled to an alternative writ of habeas corpus regardless of whether the performance of his counsel met constitutional norms. If it should be determined that Mr. Garner's guilty plea was entered knowingly, intelligently and voluntarily, on the other hand, there will be no conceivable basis for an ineffective assistance of counsel claim. Accordingly, I see no reason for us to address the ineffective assistance of counsel claim at all.
 
 
 32
 RYAN, Circuit Judge, concurring.
 
 
 33
 I concur that the district court's judgment should be reversed and the matter remanded, although for different reasons than those given by Judge Keith.
 
 
 34
 I respectfully disagree with Judge Keith's conclusion in section II(A) of his opinion that Garner received ineffective assistance of counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), establishing ineffective assistance of counsel "requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. There is no authority for the proposition that unless Garner's lawyer conducted an investigation to determine whether the Logan County Court Circuit Judge would later honor the Muhlenberg Court's concurrent sentence commitment, or advised Garner that the Logan Court might not do so, counsel's assistance was constitutionally ineffective. This claim on the part of Garner does not rise to the showing required by Strickland.
 
 
 35
 Instead, I would limit our holding to the conclusion that Garner's conviction must be set aside if his guilty plea was not voluntarily made, under Brady v. United States, 397 U.S. 742, 749 (1970). The plea agreement and hearing transcript reveal that Garner's guilty plea was explicitly conditioned on his Logan County sentence being served concurrently with his Muhlenberg County sentence. This promise, though, was not fulfilled, and Garner was sentenced to two consecutive sentences. As the Supreme Court made clear in Santobello v. New York, 404 U.S. 257 (1971), "when a plea rests in any significant degree on a promise or agreement of the prosecution, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. The only open question, therefore, is whether Garner's plea did in fact rest in significant degree on this promise, thus making the plea involuntary. It is to that evidentiary question that the district court should direct its attention on remand.
 
 
 36
 The relevant issue to be decided here is therefore divergent from the line of cases discussing a defendant's right to be informed of the direct consequences of his plea in order that his plea be voluntary. Here, defendant was informed of the direct consequences of his plea, namely, that his sentences would be served concurrently. This direct consequence, indeed a commitment by the state apparently intended, in part, to induce the guilty plea, failed to materialize, and it is therein that the possible constitutional invalidity of Garner's guilty plea lies.