4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry J. BROWN, Petitioner-Appellant,
v.
Donald E. CLUSEN, Respondent-Appellee.
 No. 92-2310.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Aug. 30, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry J. Brown, a prisoner in custody of the state of Wisconsin, is currently serving an eighty-year sentence following entry of his 1983 plea of guilty to four counts of first degree sexual assault and two counts of armed robbery. The district court denied his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254, and we affirm.
 
 I. BACKGROUND
 
 2
 Initially, Brown was charged with fifteen felonies, carrying a combined maximum punishment of 246 years' imprisonment. Pursuant to a plea bargain, the state agreed to dismiss nine felony counts, reducing the maximum penalty exposure to 120 years, and to recommend a sentence of fifteen years. At the plea hearing, however, the court informed Brown that it was not obligated to follow any sentence recommendation and that it could impose the maximum penalty if it believed the circumstances warranted.[1] Indeed, the sentencing judge did not follow the State's recommendation but instead sentenced Brown to eighty years.
 
 
 3
 Represented by counsel, Brown filed a post-conviction motion to withdraw his plea, or alternatively to reduce his sentence. He argued that the eighty-year sentence was a manifest injustice. Because he thought he would receive a sentence between fifteen to twenty-five years, he argued that his plea was unknowing and involuntary. After a full hearing on the motion, the state court denied relief. Brown then filed an appeal from the judgment of conviction and from the order denying post-conviction relief. The Wisconsin appellate court affirmed the circuit court, and the Wisconsin Supreme Court denied petition for review.
 
 
 4
 Next, Brown filed a pro se motion for post-conviction relief pursuant to Wis.Stat. Sec. 974.06, claiming that the trial court failed to advise him of the nature of the charges to which he entered his guilty plea, and of the possible maximum sentence he faced. While this motion was pending, he filed another post-conviction motion again claiming that his plea was involuntary, that the trial court failed to comply with the procedural dictates of Wis.Stat. Sec. 971.08; and that counsel provided ineffective assistance. These motions were denied and the denial affirmed by the Wisconsin Appellate Court. A third pro se motion followed in which Brown again sought withdrawal of his guilty plea, but he raised no new arguments. The state court denied the motion without a hearing, and the court of appeals affirmed on the ground that all of the issues raised were procedurally barred by Wis.Stat. Sec. 974.06(4)[2]. The Wisconsin Supreme Court denied review.
 
 
 5
 Having exhausted his state remedies, Brown filed a petition for writ of habeas corpus. His petition raised several grounds for relief: (1) that he was coerced into pleading guilty by his trial counsel and the prosecutor in violation of the Sixth and Fourteenth Amendment, (2) that his plea was induced by the promise that he would receive a fifteen-year sentence, and the sentencing court erred in not ascertaining whether the defendant understood that the court was not bound by the plea agreement, (3) that trial counsel provided ineffective assistance during the plea hearing when counsel informed the judge that it was unnecessary to read the charges to which the defendant was entering his plea, and (4) that he failed to understand the nature of the charges he faced, rendering his pleas unintelligent and involuntary.
 
 
 6
 The district court concluded that Brown had procedurally defaulted on his claim of ineffective assistance of counsel by not raising it either in his first post-conviction motion or on direct appeal and by failing to show cause to excuse the default. Finding no constitutional violation cognizable on federal habeas review, the court also declined to review Brown's claim that the court erred in failing to comply with Wisconsin procedural mandates. The district court, however, did reach the merits of Brown's claim that his plea was involuntary, but it concluded that the record supported finding that Brown knowingly, intelligently, and voluntarily waived his rights and pled guilty. Order, No. 91-C-886 (April 17, 1992). On appeal, Brown challenges only the validity of his plea and the assistance of counsel.
 
 II. ANALYSIS
 
 7
 In reviewing a district court's decision to grant or deny a petition for habeas relief, we consider all questions of law de novo, but presume as correct state court factual findings that are reasonably supported by the record. Bobo v. Kolb, 969 F.2d 391, 396 (7th Cir.1992); see 28 U.S.C. Sec. 2254(d). Whether a plea of guilty is voluntary generally is considered to be a mixed question of law and fact. United States v. Wildes, 910 F.2d 1484, 1485 (7th Cir.1990); Stewart v. Peters, 958 F.2d 1379, 1382 (7th Cir.), cert. denied, 113 S.Ct. 239 (1992). In other words, the ultimate issue of voluntariness is a question of law subject to plenary review, but the underlying questions of historical fact regarding the circumstances of the plea are governed by the requirements of 28 U.S.C. Sec. 2254(d).[3] Marshall v. Lonberger, 459 U.S. 422, 431, 103 S.Ct. 843, 849 (1983).
 
 
 8
 It is well settled that a guilty plea must comply with the constitutional mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969), to ensure that the plea was both knowing and voluntary. The standard: " 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant,' " Parke v. Raley, 113 S.Ct. 517, 523 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)), requires that the plea was not induced through misrepresentation or coercion, that the defendant had "real notice of the nature of the charge against him," Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257 (1976), along with an understanding of "the law in relation to the facts," McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171 (1969), that he appreciated the consequences of the plea, and that he understood the rights he was surrendering. Stewart, 958 F.2d at 1382.
 
 
 9
 Brown contends that his plea was involuntary because he did not comprehend that the court could reject the sentence recommended by the State; a recommendation he relied upon in making the decision to plead guilty. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499 (1971); Carnine v. United States, 974 F.2d 924, 932 (7th Cir.1992). Such a promise, however, is not considered part of the plea contract where the defendant is fairly informed prior to the taking of his plea that the court is not obligated to impose the sentence recommended. During the guilty plea hearing, the court inquired of the defendant whether any threats or promises were made to coerce his plea. The defendant responded: "No, Sir, but they have told me that the deal would be 15 years if I plead guilty. So, I think it's on my best end to, you know, plead guilty." Tr. 5. The court then informed the defendant:
 
 
 10
 you face a maximum exposure here of 120 years; all of these counts to which you're pleading guilty, carry maximum penalties of 20 years; and ... the Court is not bound or obligated to follow any recommendation by the State or by your defense counsel or by any presentence investigation. If I think that the facts and circumstances or situation warrants or deserve it, I can impose 20 year sentences in all of these counts and run them consecutive; so that you could possibly be sentenced to a hundred and 20 (120) years; do you understand that?
 
 
 11
 The defendant responded: "I do." Tr. 5-6.
 
 
 12
 From this colloquy, the state court determined that Brown understood that the 15 year recommended sentence was just that, a recommendation. Post-Conviction Hearing Tr. 32. Under Sec. 2254(d), we must presume as correct the findings of a state court as to the parties understanding of a plea agreement. See Ventura v. Meachum, 957 F.2d 1048, 1055 (2d Cir.1992); Hart v. Marion Correctional Inst., 927 F.2d 256, 258 (6th Cir.), cert. denied, 112 S.Ct. 70 (1991) (state court's determination of petitioner's awareness of sentencing possibilities is presumed correct); see generally Marshall v. Lonberger, 459 U.S. 422, 432, 103 S.Ct. 843, 849 (1983). Not only was Brown aware of the possible sentencing range, but he was clearly informed that the court was not bound by the sentence recommended by the State. Moreover, at the sentencing hearing, he was advised that the presentence report suggested imposing a sentence beyond that recommended by the State. Nonetheless, even after reviewing the presentence report, the defendant persisted in his guilty plea. Because this finding is "fairly supported" by the record as a whole, it must be afforded the presumption of correctness. 28 U.S.C. Sec. 2254(d); see Sumner v. Mata, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981).
 
 
 13
 Brown maintains that because he is border-line retarded, clearly he could not have comprehended what the court was telling him. Thus, he claims that he did not understand the nature of the charges against him. Before a plea may be considered knowing and voluntary, the court must be satisfied that a defendant understood the charges against him. Marshall, 459 U.S. at 437, 103 S.Ct. at 852. Brown argued that the court, by failing to comply with Wis.Stat. Sec. 971.08, did not ensure that he understood the charges he faced. A state court's alleged failure to comply with a state law does not present a constitutional violation cognizable on habeas review, Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990); Lilly v. Gilmore, 988 F.2d 783, 784 (7th Cir.), petition for cert. filed, (U.S. June 14, 1993) No. 92-9131, unless "there is a resultant denial of fundamental fairness or the denial of a specific constitutional right. Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.) (quoting United States ex rel. Digiacomo v. Franzen, 680 F.2d 515, 517 (1982)), cert. denied, 498 U.S. 924 (1990).
 
 
 14
 Brown contends that the record demonstrates that he did not understand the nature of the charges he faced[4] and that his counsel was ineffective for interrupting the court's attempt to read the charges,[5] thereby, failing to ensure that Brown understood the law in relation to the facts alleged against him. The Wisconsin Court of Appeals rejected both claims because Brown had failed to properly raise either challenge in his first post-conviction motion; and therefore, he failed to comply with Wis.Stat. Sec. 974.06(4), which bars piecemeal litigation. State v. Brown, No. 89-0662 (Wis.App. Dec. 8, 1989) (unpublished); State v. Brown, No. 90-2352 (Wis.App. June 6, 1991) (unpublished). Where the last state court to render a decision in the case clearly and expressly relied on a state procedural bar as an independent basis for its disposition of the case, a federal court is precluded from reaching the merits of the claim on habeas review, unless the petitioner can show cause for the procedural default and actual prejudice resulting from it. See Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991); Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 1042-43 (1989); see also Bobo, 969 F.2d at 399. Brown makes no attempt to show cause for his failure to bring this claim in compliance with the state procedural rule. Neither has he demonstrated that the failure to consider the claim will result in a "fundamental miscarriage of justice."[6] See Harris, 109 S.Ct. at 1043. Consequently, we are precluded from addressing these claims on habeas review.
 
 III. CONCLUSION
 
 15
 For the foregoing reasons, the district court's decision denying Brown's petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The Court: the court is not bound or obligated to follow any recommendation by the State or by your defense counsel or by any presentence investigation. If I think that the facts and circumstances or situation warrants or deserve it, I can impose 20 year sentences in all of these counts and run them consecutive so that you could possibly be sentenced to a hundred and 20 (120) years; do you understand that?
 Defendant Brown: I do.
 Plea Hearing Tr. at 5-6.
 
 
 [2]
 Section 974.06(4) provides:
 All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
 
 
 [3]
 Arguably the clearly erroneous standard of review should apply in cases such as this where the district court made its determination on the basis of a paper record equally available for our review, Stewart, 958 F.2d at 1382, however, it is unnecessary to resolve the issue here
 
 
 [4]
 When the trial court inquired whether Brown understood the allegations of the complaint, Brown responded: "Yes sir. I do read it, but I didn't quite get an understanding out of it, but I know what it's saying." Tr. 9
 
 
 [5]
 After explaining the first charge, the court was advised by counsel that a recitation of the charges was not necessary. Counsel explained:
 as I understand Mr. Brown's position, when he says he doesn't have a full understanding of it, he does not, by entering his guilty plea, necessarily agree that everything in the complaint took place the way it is setforth in the complaint. He does not, at this point, challenge the contents of the complaint, because he believes the negotiation is in his best interests.
 So, I don't--he's not substantially disputing the contents of the complaint."
 Tr. 9-10.
 
 
 [6]
 Although Brown alludes to his statement made during the sentencing hearing that "I would like to prove my innocence, but I don't have no witnesses," Appellant's Br. 11 (Sent. Tr.8), he makes no explicit claim of actual innocence here