35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hanwen XIE, Petitioner-Appellant,
v.
Ronald EDWARDS, Respondent-Appellee.
 No. 93-4385.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Hanwen Xie, pro se, appeals a district court order denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November of 1988 Xie was indicted on one count of aggravated murder with a firearm specification. He pleaded not guilty, and the case proceeded to trial. However, on the second day of jury voir dire, Xie sought to withdraw this plea and enter a plea of guilty to the lesser included offense of murder with no firearm specification. The trial court held a hearing pursuant to Ohio Crim.R. 11 and accepted the guilty plea.
 
 
 3
 Prior to sentencing, Xie filed a motion to withdraw his plea. At a hearing on this motion, Xie stated that, had he been aware of certain correct information as to his parole eligibility, he would not have pleaded guilty to the lesser offense, but would have proceeded to trial on the aggravated murder charge. The trial court denied the motion to withdraw and sentenced Xie to fifteen years to life.
 
 
 4
 Xie appealed to the Franklin County Court of Appeals, which reversed the conviction on the basis that the trial court had abused its discretion in refusing to allow him to withdraw his guilty plea. The Ohio Supreme Court then reversed the state court of appeals decision, concluding that the trial court did not abuse its discretion in refusing to allow Xie to withdraw his plea. State v. Xie, 584 N.E.2d 715 (Ohio 1992).
 
 
 5
 In his habeas petition, Xie presents the same three grounds advanced in the state courts: 1) he was denied effective assistance of counsel when his attorneys relayed erroneous information about the date on which he would become eligible for parole if found guilty as charged; 2) his guilty plea was not made intelligently and voluntarily because he had "relied heavily" on that erroneous advice in deciding whether to agree to the plea arrangement; and 3) the trial court abused its discretion by refusing to allow him to withdraw his guilty plea prior to sentencing. The district court denied the petition. On appeal, Xie again argues that the trial court abused its discretion in refusing to allow him to withdraw his plea and that, had his attorneys provided correct information regarding his parole eligibility, he would not have pleaded guilty and would have requested that his case proceed to trial. Xie also moves for the appointment of counsel on appeal.
 
 
 6
 In its thorough and well-written opinion, the district court properly analyzed Xie's ineffective assistance of counsel claim under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985). This court agrees with the district court's conclusion that Xie has not established that, but for the erroneous information provided to him, he would not have pleaded guilty and would have insisted on going to trial.
 
 
 7
 Secondly, Xie has failed to show that his plea was not made voluntarily or intelligently. The trial court satisfied the requirements of Brady v. United States, 397 U.S. 742, 749 (1970), and Boykin v. Alabama, 395 U.S. 238, 242-44 (1969), by adequately informing Xie of the consequences of his plea. Xie acknowledged his understanding of all the direct consequences of his plea, including the maximum possible sentence. Hart v. Marion Correctional Inst., 927 F.2d 256, 259 (6th Cir.), cert. denied, 112 S.Ct. 70 (1991). Parole eligibility is not a "direct consequence" of a conviction, and a defendant need not be informed of it. Brown v. Perini, 718 F.2d 784, 788 (6th Cir.1983).
 
 
 8
 Lastly, the district court properly found that whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case law. Such state-law grounds cannot support federal habeas relief, absent a showing that the alleged error rendered the proceedings fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). The record conclusively demonstrates that the instant proceedings in the state courts were not fundamentally unfair.
 
 
 9
 Accordingly, Xie's motion for counsel is denied and the district court's order denying Xie's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.