81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alan M. SCOTT, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 95-5468.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and WISEMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 On May 4, 1992, Alan M. Scott was indicted on the following controlled substance and firearm violations counts: aiding and abetting another in the illegal entry into a pharmacy to steal controlled substances (Count I); possession with intent to distribute marijuana (Count II); knowingly maintaining a place for the purpose of distributing controlled substances (Count III); and using and carrying a firearm during and in relation to a narcotics trafficking crime (Count IV). On October 8, pursuant to Fed.R.Crim.P. 11(e)(1)(B), Scott pled guilty to the first, second and fourth counts of the Indictment, and the third count was dismissed.
 
 
 2
 Prior to the scheduled sentencing date of December 15, Scott moved for the substitution of counsel and to withdraw his guilty plea, claiming he misunderstood the maximum sentence he would face if he went to trial on all four counts of the Indictment. Specifically, Scott alleged that his original retained counsel, Currie Milliken, had informed him that Count III carried a ten-year statutory mandatory minimum sentence when in fact it did not. Scott claimed this erroneous information induced him to forego his right to trial and enter into a plea agreement dismissing the third count. The district court conducted an evidentiary hearing, and on February 22, overruled Scott's motion to vacate after determining there was no reason to allow withdrawal of the plea. On May 5, Scott was sentenced to five years and five months in prison.[1]
 
 
 3
 On April 8, 1994, Scott filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In that motion, Scott reiterated his ineffective assistance of counsel claim, and claimed to have continually maintained his innocence on the firearms charge. A magistrate judge conducted a hearing on September 15, and found it more probable than not that Scott was informed properly as to the statutory sentence which could be imposed for Count III, and that he was given a copy of the Indictment which contained a penalty page stating the penalty for Count III. On March 2, 1995, the district judge accepted the magistrate's recommendation that Scott's motion be denied. This timely appeal followed.
 
 
 4
 Before reaching the merits of Scott's claim on appeal, we must address the United States' contention that Scott is procedurally barred from raising an ineffective assistance of counsel claim in his Section 2255 motion. The United States contends this claim is procedurally barred because Scott raised it in his original motion to withdraw his guilty plea, and subsequently failed to appeal the district court's denial of that motion directly. Instead, the United States claims Scott filed a Section 2255 motion raising the same claim without showing cause for not appealing the original ineffective assistance of counsel claim and prejudice resulting from that failure.
 
 
 5
 Ordinarily, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Instead, the general rule is that a defendant "may properly raise this issue in a motion to the district court pursuant to 28 U.S.C. § 2255." United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990). There is an exception to this rule, however, when a district court record "is adequate to assess the merits of the defendant's allegations." Wunder, 919 F.2d at 37. Assuming the record in this case was sufficiently developed during the evidentiary hearing on Scott's motion to withdraw his guilty plea, we nonetheless read this exception as one which would have allowed us to proceed had Scott elected to appeal his ineffective assistance claim directly, rather than as one which forecloses us from reviewing this claim on the appeal of his collateral attack. See Knight v. United States, 37 F.3d 769, 774 (1st Cir.1994) (stating that "[n]ormally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice.... [h]owever, the failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard"). Because Scott's ineffective assistance claim under Section 2255 is not procedurally barred, we will proceed to address its merits.
 
 
 6
 To state an ineffective assistance of counsel claim relating to the entry of a guilty plea, a defendant must show that counsel's representation did not meet an objective standard of reasonableness, and that, but for the allegedly incompetent representation, he or she would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). On appeal, Scott claims the advice Milliken gave him was so erroneous that it was objectively unreasonable, and so prejudiced him that the district court should have vacated his guilty plea and conviction. Although a "district court's findings of fact are subject to the clearly erroneous standard of review ... the performance and prejudice components of the [ineffective assistance] test are mixed questions of law and fact freely reviewable by the appellate court." Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988) (citing Strickland v. Washington, 466 U.S. 668, 698 (1984)).
 
 
 7
 Scott contends the magistrate and district judge erred in finding against him with regard to his ineffective assistance of counsel claim in light of the testimony offered by several witnesses supporting Scott's claim that he pled guilty under the erroneous belief that he faced a ten-year mandatory minimum sentence on Count III. This circuit has held that, where a defendant is incorrectly informed as to a maximum period of incarceration prior to entering a plea, the plea may be viewed as not having been entered "with a 'sufficient awareness of the relevant circumstances and likely consequences.' " Hart v. Marion Correctional Institution, 927 F.2d 256, 259 (6th Cir.), cert. denied, 502 U.S. 816 (1991). The crucial question in this case, then, is whether Scott was incorrectly informed as to the possible sentence he may have faced had he gone to trial and been convicted on Count III.
 
 
 8
 After reviewing the record, we do not believe the magistrate or district judge erred in concluding Scott was not erroneously advised as to the potential penalties he faced. At the evidentiary hearing, Milliken, who had practiced in federal court for thirty years, stated he had represented Scott from the inception of the case and that it was his policy to discuss maximum penalties with his clients in criminal cases at the time of arraignment. Milliken testified that he was under no misconception as to the maximum penalties on each count with which Scott was charged because penalty pages attached to the Indictment stated the maximum penalties available. In addition, Milliken claimed he gave Scott a copy of the Indictment and everything attached to it. Although Scott testified at the hearing that he was never given of copy of the Indictment or penalty pages, Scott's wife stated she believed Milliken had provided Scott with a copy of the Indictment. Milliken also testified at the evidentiary hearing that, in representing Scott, he spoke with a probation officer with regard to how the sentencing guidelines would apply to Scott's case. Finally, Milliken stated that he recommended Scott enter into the plea agreement only after assessing the evidence against him and concluding it was overwhelming.
 
 
 9
 Based on this evidence, we agree with the magistrate and district judge that Milliken's representation of Scott was not objectively unreasonable. Because Scott does not survive the first prong of the ineffective assistance of counsel test, we need not consider whether, but for any incompetent representation, Scott would have entered into the same plea agreement. AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Five years of Scott's sentence was due to the firearms charge in Count IV. Scott later claimed to have maintained his innocence on Count IV all along, and contended he pled guilty to that claim only because he believed he otherwise would have faced the ten-year mandatory minimum sentence under Count III