UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert B. UFIE, Defendant–Appellant.

No. 00-4269.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2001.

* The Honorable Joseph M. Hood, U.S. District Judge for the Easter District of Kentucky, sitting by designation.

Before SILER, MOORE, and CLAY, Circuit Judges.

Robert B. Ufie, a federal prisoner, appeals his judgment of conviction on three counts of mail fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ufie and 50 codefendants were named in a 104–count indictment handed down on March 28, 2000. Ufie was charged with one count of conspiracy to defraud the Social Security Administration, three counts of mail fraud, and one count of use of a false Social Security number. On June 8, 2000, Ufie pleaded guilty to the three counts of mail fraud pursuant to a written plea agreement, with the other two counts to be dismissed at sentencing. The district court sentenced Ufie on September 19, 2000, to four months in prison and three years of supervised release, with the first four months spent in electronically-monitored home confinement. In addition, the district court ordered restitution in the amount of $60,286. The judgment was entered on September 25, 2000.

Ufie's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issue: whether the district court committed plain error by failing to inform Ufie of his potential sentence prior to accepting his plea in violation of Fed.R.Crim.P. 11 and his constitutional rights. Ufie was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw and affirm the district court's judgment because Ufie was expressly informed of the statutory maximum sentence for his offense of mail fraud in both his plea agreement and during the plea colloquy, and his estimated guidelines sentencing range was set forth in his plea agreement.

Ufie really presents two separate issues on appeal: (1) whether the district court committed reversible error by failing to comply with Rule 11(c)(1) during the plea proceeding; and (2) whether Ufie's guilty plea was knowingly and voluntarily made in light of the district court's omission.

Rule 11(c)(1) requires the district court to address the defendant personally in open court to inform him of, and determine that he understands, *inter alia,* "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any . . . supervised release term, [and] the fact that the court is required to consider any applicable sentencing guidelines" before accepting his guilty plea. The district court took the pleas of three codefendants at the same time it took Ufie's. During the plea colloquy, the district court expressly told all four defendants that the statutory maximum for the offense of mail fraud was five years. The court also advised the defendants about supervised release, the special assessment, the possibility that it would impose restitution, and the fact that it might disagree with the sentencing guidelines calculations set out in their plea agreements. Upon that eventuality, the court would not give them the chance to withdraw their guilty pleas. However, although the district court expressly went over the estimated guidelines sentencing range with each of the three codefendants, it neglected to do so with Ufie. Ufie did not object to the omission.

▪ Claims that were not raised at trial or during sentencing are considered to be forfeited and are not cognizable on appeal. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). This court may review an alleged error to which no objection was made only if it constitutes "plain error" that affects the substantial rights of a party. Fed.R.Crim.P. 52(b); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Barajas–Nunez,* 91 F.3d at 830. Ordinarily, a party will have to make a specific showing of prejudice to show that the error affected his substantial rights. *Olano,* 507 U.S. at 734, 113 S.Ct. 1770.

▪ Because the district court did inform Ufie of the maximum sentence he faced by pleading guilty and that the court was required to consider the applicable sentencing guidelines, it is arguable that there was no plain error in this case. Even if it is assumed that the court erred by not reviewing the estimated sentencing guidelines calculations in his case, and that this error was plain, Ufie has not shown prejudice affecting his substantial rights. Ufie was specifically notified of the potential guidelines sentence he faced through his plea agreement, which he initialed on each page, and which accurately predicted his guidelines sentencing range as 8–14 months.

Ufie also argues that the district court's failure to inform him during the plea colloquy that he faced a potential guidelines sentence of 8–14 months rendered his plea unknowing and involuntary. We disagree.

▪ A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The maximum possible sentence faced by a defendant is a direct consequence, *Hart v. Marion Correctional Inst.,* 927 F.2d 256, 259 (6th Cir.1991), and, as discussed above, the district court did inform Ufie of the five-year maximum. However, there is no constitutional requirement that a defendant be informed by the court during the plea colloquy of his estimated guidelines sentencing range. Ufie cannot convincingly argue that, despite his willingness to plead guilty to a sentence carrying a maximum five-*year*

prison term, he would not have pleaded guilty knowing that his probable guidelines sentencing range was 8–14 *months.* Finally, as already noted, Ufie *did* know the probable effect of the sentencing guidelines on his sentence through the express terms of his plea agreement, initialed by him on each page.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on September 25, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.