**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0792n.06
Filed: November 13, 2007

No. 06-2385

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| TIMOTHY GERARD READER, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**Before: MOORE and GRIFFIN, Circuit Judges, and GRAHAM,[*] District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Timothy Gerard Reader ("Reader") pleaded guilty pursuant to a plea agreement that erroneously stated the statutory-maximum term of supervised release for his offense, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The magistrate judge presiding over his plea hearing repeated this mistake, advising Reader that "the Court can place you on up to three years of supervised release." J.A. at 63 (Plea Hr'g Tr. at 8). Reader later received a sentence that included a ten-year term of supervised release, a term within the permissible range set forth in the correct statutory provision. *See* 18 U.S.C. § 3583(k) (authorizing a term of supervised release up to life).[1] Reader now appeals

---

[*]The Honorable James L. Graham, of the United States District Court for the Southern District of Ohio, sitting by designation.

[1]Currently, 18 U.S.C. § 3583(k) provides that "the authorized term of supervised release . . . for any offense under section . . . 2252 . . . is any term of years not less than 5, or life." The version

on the basis of this error, and because we conclude that this error affected his substantial rights, we **VACATE** his conviction and **REMAND** for further proceedings consistent with this opinion, or for pleading anew.

## I. BACKGROUND

In April 2005, one of Reader's neighbors contacted the Sheriff's Department in Emmet County, Michigan, after losing his wallet and learning of suspicious charges made on his credit card. Upon investigation, the neighbor and the Sheriff's Department traced the charges to an individual using an email address that belonged to Reader. The Sheriff's Department obtained a search warrant for Reader's residence. While the police were executing that warrant, Reader admitted that he found his neighbor's wallet in a parking lot and that the computer and hard drives in his residence contained a significant amount of child pornography. In early January 2006, the FBI's Computer Analysis Response Team examined Reader's computer, hard drives, and other electronic media and discovered 145,346 pictures of possible sexual exploitation of children, 3,057 pictures of possible known victims matching the Child Victim Identification Program Database, 58 movies possibly involving the sexual exploitation of children, and 21 pictures of possible bondage and torture of a minor.

On January 25, 2006, a grand jury indicted Reader on one count of receiving an image of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On May 31, 2006, Reader pleaded guilty

in effect at the time that Reader committed his offense and pleaded guilty in early 2006, however, stated that "the authorized term of supervised release . . . is any term of years or life." *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 141, 120 Stat. 587, 603 (July 27, 2006).

before a magistrate judge to Count Two of the Indictment, which charged possession of child pornography.

Reader pleaded guilty pursuant to a plea agreement that incorrectly stated the statutory maximum term of supervised release. The plea agreement stated that "[t]he statutory maximum sentence that the Court can impose for possession of child pornography is . . . three years of supervised release." J.A. at 26 (Plea Agreement at 2, ¶ 2). At Reader's plea hearing, the magistrate judge repeated this error twice, stating that "the Court can place you on up to three years of supervised release" and that "[i]f you're convicted of this offense, you face up to ten years in prison; up to three years thereafter of supervised release." J.A. at 63-64 (Plea Hr'g Tr. at 8, 4).

After Reader pleaded guilty, the Probation Office prepared Reader's Presentence Investigation Report ("PSR"), which correctly stated that "[i]f a term of imprisonment is imposed, the Court may impose a term of supervised release of life." J.A. at 107 (PSR at 14, ¶ 78).[2] Although Reader and his counsel submitted written objections to the PSR on August 24, 2006, those objections did not mention the discrepancy between the maximum term of supervised release contained in the PSR and the maximum term stated in Reader's plea agreement and at his plea hearing.

On September 15, 2006, Reader's case was reassigned to a substitute district judge. At a sentencing hearing on September 19, 2006, the district judge sentenced Reader to 120 months in prison, 120 months of supervised release, and a $100 special assessment. When the district judge announced the 120-month term of supervised release, neither Reader nor his counsel objected.

---

[2]Despite correctly stating that the district court could impose a life term of supervised release, the PSR mistakenly cited 18 U.S.C. § 3583(b)(2), which in fact provides that the maximum term of supervised release is "not more than three years." As stated above, the section applicable to Reader's offense is 18 U.S.C. § 3583(k).

Finally, after imposing this sentence, the district judge asked "[a]nything further from the defense?" and Reader's attorney replied "[n]o, your Honor." J.A. at 90 (Sent. Hr'g Tr. at 26).

The district court entered judgment on September 20, 2006, and Reader timely appealed.

## II. ANALYSIS

Reader presents two arguments on appeal: first, that the error in his plea agreement, repeated at his plea hearing, entitles him to relief; and second, that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005). Because we agree with Reader's first argument, we do not reach the reasonableness of his sentence under *Booker*.

On appeal, Reader styles his argument relating to the error in his plea agreement and at his plea hearing as pertaining to a breach of his plea agreement. Appellant Br. at 12-14; *see also* Appellant Reply Br. at 2-8. We believe that the issue is more properly understood as alleging a violation of Rule 11(b) of the Federal Rules of Criminal Procedure. Rule 11(b)(1)(H) states that when taking a plea, the court must ensure that the defendant understands "any maximum possible penalty, including . . . term of supervised release." At Reader's plea hearing, the magistrate judge twice stated incorrectly that three years was the maximum period of supervised release for Reader's offense. As a result, Reader's plea hearing was not conducted in accordance with the requirements of Rule 11.

Although Reader's plea hearing did not comport with Rule 11's requirements, Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Further, because Reader was silent concerning the defect in his plea hearing after receiving actual notice in his PSR of the correct maximum term of supervised release, plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002) (holding in Rule 11 context that

"a silent defendant has the burden to satisfy the plain-error rule"). Under plain error review, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 467 (third alteration in original) (internal quotation marks omitted) (quoting *Olano*, 507 U.S. at 732). In *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004), the Supreme Court elaborated on this review in the context of Rule 11 errors, holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."

The government admitted its responsibility for the error in Reader's plea agreement. *See* Appellee Br. at 24. The difference between a three-year maximum term of supervised release, as stated in Reader's plea agreement and at his plea hearing, and a ten-year or life term of supervised release is substantial. At oral argument, counsel for both Reader and the government acknowledged that this substantial difference raised serious questions about whether Reader would have entered a guilty plea had he known that he faced a possible life term of supervised release. In cases involving Rule 11 errors, we have stated that "where the error involves the defendant's state of mind . . . the appropriate remedy is to vacate the plea and remand so that the defendant can plead anew" if he chooses, or proceed to trial. *United States v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995); *see also United States v. Rodriquez*, No. 99-4510, 2000 WL 227421, *1 (4th Cir. Feb. 29, 2000)

5

(vacating and remanding in case where district court violated Rule 11 by failing to inform defendant of a fifteen-year mandatory minimum sentence required for his offense).

In light of the facts and arguments presented in this case, we believe that, but for the error in his plea agreement, there is a reasonable probability that Reader would not have entered a guilty plea in this case. Under these circumstances, we exercise our discretion under *Olano* to vacate the conviction and remand the case.

### III. CONCLUSION

For the foregoing reasons, we **VACATE** Reader's conviction and **REMAND** the case for further proceedings consistent with this opinion, or for pleading anew.