**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0450n.06

**No. 08-4061**

**FILED**
**Jul 23, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

DIANNE L. SMAGOLA,

    **Defendant-Appellant.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

                                  /

**Before:  SILER and CLAY, Circuit Judges; and GRAHAM**, District Judge.[*]

    **CLAY, Circuit Judge.**  Defendant, Dianne L. Smagola, appeals from her sentence of seventy months' imprisonment after pleading guilty to mail fraud in violation of 18 U.S.C. § 1341. For the reasons set forth below, we **VACATE** Defendant's sentence and **REMAND** for the district court to resentence Defendant to a term of imprisonment not to exceed sixty months.

**BACKGROUND**

    From April 22, 1999 to March 26, 2004, Defendant devised a scheme to defraud friends and family members who had given her money to invest.  Defendant represented that she was a licensed investment broker with experience buying and selling securities and annuities.  Once Defendant obtained money from a friend or family member, often through United States mail, she claimed to

---

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

1

open an investment account in each investor's name and make investments. However, Defendant never opened these accounts or made any investments. To create the impression that Defendant was making investments, she engaged in activity such as sending fraudulent statements by mail, mailing checks to investors representing alleged interest, and making phone calls to investors in which she told them a fictitious amount of interest they had earned on their investments.

On several occasions during the relevant time period, all of the investors contacted Defendant and attempted to withdraw their funds and/or liquidate their accounts. Defendant lied, claiming on certain occasions that the funds were tied up in long-term investments and could not be liquidated or that the funds could not be returned due to tax penalties for early withdrawals. Even when the investors said they did not care about the tax penalties, Defendant did not return the money. As a result of Defendant's fraudulent investment scheme, the investors sustained a total loss of approximately $728,706.

On October 10, 2007, Defendant was charged with mail fraud in violation of 18 U.S.C. § 1341. On March 12, 2008, Defendant pled guilty to the one count indictment with no written plea agreement. During the plea hearing, the district court informed Defendant that "the maximum penalty is five years imprisonment, plus a fine of up to $250,000." (Plea Tr. at 8). However, the maximum penalty for a violation of 18 U.S.C. § 1341 is twenty years' imprisonment, a fine of $250,000, and three years' supervised release. The Presentence Investigation Report, dated June 13, 2008, correctly states the maximum penalty for a violation of 18 U.S.C. § 1341 as twenty years' imprisonment, a fine of $250,000, and three years' supervised release.

At sentencing on July 16, 2008, the district court asked Defendant and her counsel if they had the opportunity to read and discuss the Presentence Report. Both replied that they had read the

2

report and that they had no objections.[1]  The district court determined that Defendant had an adjusted

offense level of twenty-five and a criminal history category of I, resulting in an advisory guideline

range of fifty-seven to seventy-one months' imprisonment.  Shortly before the sentencing hearing

started, Defendant submitted a statement for acceptance of responsibility to the court.  However, the

court declined to grant Defendant a two-level reduction for acceptance of responsibility, adopting

the following reasons stated by the government as the basis for the decision: (1) Defendant failed to

make a statement accepting responsibility until the day of her sentencing; (2) Defendant failed to

attempt restitution, even though it had been four years since her criminal conduct ceased; and (3)

Defendant did not cooperate with pre-trial services.  Furthermore, the court did not find Defendant

to be remorseful, even at sentencing.

The court sentenced Defendant to seventy months' imprisonment, restitution in the amount

of $728,706, and three years of supervised release.  On July 17, 2008, Defendant timely filed a notice

of appeal.

## DISCUSSION

### I.  Misstatement of Maximum Sentence

#### A.  Plain Error Analysis

When a defendant does not object during the plea colloquy or at sentencing before the district

court, we review the district court's actions for plain error.  *See* Fed. R. Crim. P. 51(b), 52(b); *United*

*States v. Vonn*, 535 U.S. 55, 59 (2002).  To show plain error, a defendant must show (1) error (2) that

---

[1]Defendant had previously made two objections to the Presentence Report, which were listed in the addendum, concerning enhancements for abuse of trust and vulnerable victim.  However, Defendant withdrew these objections at sentencing.  Defendant made no objections relating to the length of the maximum sentence.

was obvious or clear, (3) that affected the defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*).

Under Federal Rule of Criminal Procedure 11, the district court must inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). However, Rule 11(h) states that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Thus, we must determine whether the district court committed plain error by violating Rule 11(b)(1)(H), and, if so, whether the error affected Defendant's substantial rights such that Defendant is entitled to a remedy.

"The mere fact that a defendant does not know at the time of his guilty plea the exact sentence that [s]he will receive does not mean that the plea was entered into unknowingly." *United States v. Malcom*, 114 F.3d 1190, at *7 (6th Cir. 1997) (table) (citing *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990) ("the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a fair and just reason to allow withdrawal of a plea agreement") (internal quotation omitted)). However, it is well-established that "for a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). *See also United States v. Syal*, 963 F.2d 900, 905 (6th Cir. 1992) ("To plead knowingly, the defendant must know the maximum possible penalty provided by law." (internal quotations omitted)).

In the instant case, the government does not dispute that the district court misinformed Defendant about the maximum sentence for mail fraud under 18 U.S.C. § 1341 at the plea hearing. The court stated that the maximum sentence was five years, when, in fact, the maximum sentence

was twenty years. Neither the government nor defense counsel objected to the court's statement that the maximum sentence was five years. Further, the indictment against Defendant did not indicate the maximum possible sentence for mail fraud, and there was no written plea agreement in this case. Thus, nothing in the record indicates that Defendant independently knew or was advised of the correct maximum sentence prior to pleading guilty. The district court ultimately sentenced Defendant to seventy months' imprisonment, which is ten months longer than the maximum sentence stated by the court at the plea hearing. Therefore, the district court committed a clear error by misinforming Defendant of the maximum sentence in violation of Federal Rule of Criminal Procedure 11(b)(1)(H). *See, e.g., Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991) (granting habeas relief to the petitioner because the trial judge erred by incorrectly informing the petitioner that the possible term of incarceration was fifteen years rather than seventy-five years before the plea was entered).

Having found that the court committed a clear error, we must next determine whether the error was harmless. An error may be considered harmless only if it does not affect a defendant's substantial rights. *Syal*, 963 F.2d at 906. An error affects a defendant's substantial rights if it is "prejudicial," in the sense that it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). *See also United States v. Story*, 503 F.3d 436, 438 (6th Cir. 2007); *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005) ("a sentencing error affects substantial rights where it causes the defendant to receive a more severe sentence" (internal quotation and citation omitted)).

In the instant case, Defendant claims that she was unaware of the maximum sentence before the plea hearing, and nothing in the record indicates that the defendant independently knew or was

advised of the correct maximum sentence prior to the plea colloquy. Furthermore, the district court's error may have caused Defendant to go to prison for longer than she thought possible for the crime she committed. Thus, the court's error affects Defendant's substantial rights. *See, e.g., Syal*, 963 F.2d at 906 (holding that "the failure to notify the defendant of the term of supervised release and its possible effect on his sentence was not harmless error" where "[n]othing in the record suggests that the defendant understood that his sentence would include supervised release [and] [t]here was no written plea agreement by which he might have been warned"); *United States v. Walsh*, 733 F.2d 31, 34 (6th Cir. 1984) (finding that the defendant "suffered identifiable prejudice because the sentence imposed exceeded the maximum sentence he was promised he would receive"). *Cf. United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir.1990) (holding that court's failure to tell defendant in Rule 11 plea hearing that he faced a mandatory period of supervised release was harmless error because the defendant was on notice of the supervised release requirement set out in the plea agreement and the defendant did not claim he was unaware of the requirement, only that court technically had failed to comply with requirements of rule).

Accordingly, because this error affected Defendant's substantial rights, as well as the fairness, integrity, or public reputation of the judicial proceedings, the district court committed plain error.

## B. Proper Remedy

Having determined that the district court committed plain error by misinforming Defendant of the maximum sentence, we must next determine the appropriate remedy. Defendant argues that she must either be resentenced to a period of not more than five years or her plea must be vacated and the case remanded so that she can plead anew or proceed to trial. Defendant states that either

remedy would appropriately correct the Rule 11 error. The government argues that resentencing Defendant to five years, or sixty months, imprisonment is the proper remedy in this case.

This Court has found both resentencing and vacating a guilty plea to be appropriate remedies to correct a Rule 11 error. In *Hart v. Marion Correctional Institution*, 927 F.2d at 259, this Court found the appropriate remedy to be resentencing when a defendant was misinformed about the maximum sentence. Both the trial judge and defense counsel had told the defendant that the maximum sentence was fifteen years' imprisonment, when the maximum sentence was in fact seventy-five years' imprisonment. This Court held that the appropriate remedy was for the defendant to be resentenced to a term not to exceed fifteen years–the maximum sentence he was told at the time of his plea. If the resentencing court then sentenced the defendant to more than fifteen years' imprisonment, he would be allowed to withdraw his plea and the state could try him under the original indictment. *Id.*

In *United States v. Reader*, 254 F. App'x 479, 482 (6th Cir. 2007), this Court found the appropriate remedy to be vacating the defendant's plea when a defendant was misinformed about the maximum term of supervised release. The government had stated in the written plea agreement that maximum term of supervised release was three years, when, in fact, the maximum term of supervised release was life. In addition, the district court incorrectly stated at the plea hearing that the maximum term of supervised release was three years. *Id.* at 481. In light of the substantial difference between a three year term of supervised release and a life term of supervised release, this Court found that there were serious questions about whether the defendant would have entered a guilty plea if he knew he was facing a life term of supervised release. Thus, this Court held that the plea should be vacated. *Id.* at 482.

7

The facts and circumstances of this case more closely resemble *Hart* than *Reader*. In the instant case, there was no written plea agreement compounding the error of the district court, and the difference between the maximum sentence stated by the court at the plea hearing and the actual maximum sentence available is closer to *Hart* than to *Reader*. Furthermore, the Presentence Report correctly identified the maximum sentence as twenty years' imprisonment, and Defendant acknowledged at sentencing that she read the report, discussed it with her attorney, and had no objections. Thus, at least by the time of sentencing, Defendant should have known that the maximum sentence exceeded five years' imprisonment and did not move to withdraw her plea. Finally, Defendant agrees that resentencing her to a term of no more than sixty months would appropriately correct the Rule 11 error.

Accordingly, we hold that resentencing Defendant to a term not to exceed sixty months' imprisonment is the proper remedy under the facts and circumstances of this case.

## II. Acceptance of Responsibility

We review for clear error the district court's determination of whether to grant a sentencing reduction for acceptance of responsibility. *United States v. Kathman*, 490 F.3d 520, 524 (6th Cir. 2007); *see also* United States Sentencing Guidelines Manual ("USSG Manual") § 3E1.1 cmt. n.5 (2005) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference.")

The USSG Manual grants sentencing courts discretion to decrease the offense level by two levels "if the defendant clearly demonstrates acceptance of responsibility for his offense." USSG Manual § 3E1.1(a) (2007); *see also United States v. Nelson*, 356 F.3d 719, 721 (6th Cir. 2004). A

8

guilty plea does not necessarily guarantee a defendant an automatic adjustment as a matter of right. USSG Manual § 3E1.1 Note 3. If the sentencing court finds conduct that is inconsistent with acceptance of responsibility, the court's denial of a downward adjustment is entitled to great deference. *Id.* at Notes 3, 5. Although a guilty plea is good evidence of acceptance of responsibility, the truthfulness of a defendant's admission of the charged offense, the defendant's voluntary assistance to authorities in resolving the offense, and the timeliness of a defendant's acceptance of responsibility are pertinent determinations in granting a reduction. *See United States v. Jeross*, 521 F.3d 562, 582 (6th Cir. 2008) (citing *United States v. Gregory*, 315 F.3d 637, 640 (6th Cir. 2003)); *United States v. Jones*, 997 F.2d 1475, 1478 (6th Cir. 1993).

In the instant case, the district court was within its discretion by refusing to grant Defendant a two point reduction for acceptance of responsibility. Regarding the truthfulness of the statement Defendant gave at the sentencing hearing, the judge found a number of inconsistencies concerning Defendant's efforts to invest the money she had stolen in an attempt to repay the money and the extent to which Defendant used the money for her own personal gain, notably for building a new house worth approximately $200,000. In addition, the court read a number of the victim impact letters into the record, which opined that Defendant thinks she is "untouchable," disingenuous in her statements to the court, and not the least bit remorseful for her actions. (Sentencing Tr. at 12, 26, 32). Regarding the timeliness of Defendant's conduct, Defendant failed to provide a statement to the probation officer who prepared her Presentence Investigation Report after her plea, despite being asked for a statement by the probation officer. Instead, Defendant waited until the day of the sentencing hearing to submit a statement. Regarding Defendant's voluntary assistance to the authorities, the record shows that Defendant failed to respond to a civil suit arising from her

9

fraudulent activities, failed to respond to the FBI during the investigation of her conduct, failed to cooperate with pretrial services, and failed to appear for her arraignment, which resulted in her having to be arrested.

Nearly all the above-mentioned conduct occurred after Defendant was indicted in this case. Thus, contrary to Defendant's argument, this is not a case like *United States v. Hakley*, 101 F. App'x 122, 128 (6th Cir. 2004), where "[a]lmost exclusively, the court [improperly] relied on events occurring . . . prior to the defendant's waiving indictment and agreeing to plead guilty and even prior to her arrest for this conduct." *See also Gregory*, 315 F.3d at 641 (reversing a district court's decision to deny a downward adjustment for acceptance of responsibility where any obstructive behavior predated the indictment after which the defendant fully cooperated and never denied his guilt).

In declining to grant the downward departure, the district court fully stated each of these reasons on the record. Accordingly, we hold that the district court did not commit clear error by declining to grant Defendant a two-level reduction for acceptance of responsibility.

## CONCLUSION

The district court plainly erred by misstating the maximum sentence during the plea colloquy as sixty months but did not clearly err by declining to grant Defendant a two-level reduction for acceptance of responsibility. Therefore, we hereby **VACATE** the district court's judgment and **REMAND** for resentencing to a term of imprisonment not to exceed sixty months.

10