**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0683n.06

No. 12-6416

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 24, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARVIN GAYNOR, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

**Before: MOORE, CLAY, and WHITE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Marvin Gaynor pleaded guilty to being a felon in possession of a firearm in the U.S. District Court for the Western District of Tennessee, for which he received a sentence of thirty months of imprisonment and three years of supervised release. Gaynor appeals the district court's imposition of two special conditions on his supervised release. Because we conclude that imposition of these conditions did not constitute an abuse of discretion, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND & PROCEDURE

On April 18, 2012, Marvin Gaynor pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). R. 24 (Order on Change of Plea) (Page ID #30). During sentencing, the district court determined that Gaynor was subject to a total offense level of seventeen and criminal-history category of III, which corresponded to a Guidelines range of thirty

to thirty-seven months of imprisonment. R. 42 (Sent. Hr'g Tr. at 30) (Page ID #90). The district

court sentenced Gaynor to thirty months of imprisonment and three years of supervised release. R.

37 (Judgment at 2–3) (Page ID #50–51). Moreover, the district court sentenced Gaynor to five

additional or special conditions of supervised release beyond the standard, mandatory conditions of

supervision. Two of these special conditions form the basis for the instant appeal; the district court

first identified them during sentencing in the following discussion:

> You're to abide by the following conditions of supervised release. You're to
> cooperate in providing a DNA sample. You are to participate in MRT therapy,
> training. You are to participate in substance abuse testing and treatment. You are to
> seek and maintain full-time employment and *you are to file your income tax returns
> and make disclosures to the probation officer*. I'm going to convert you to a full
> American citizen, if I can. I don't do that for everybody, but I think that—I think that
> you're going to—I just get the feeling that you're either going to make that turn right
> now and make it or not, but you have got a shot at it, so let's keep on the track and,
> hopefully, you will have income to report, which will be good.

R. 42 (Sent. Hr'g Tr. at 45) (Page ID #105) (emphasis added). Gaynor did not object to the

imposition of any special condition during sentencing. The district court subsequently memorialized

these conditions in its judgment as follows: "The defendant shall make full financial disclosure to

the Probation Officer," and "The defendant shall file income tax returns while on supervision." R.

37 (Judgment at 4) (Page ID #52).[1] Gaynor filed a timely notice of appeal, and now contests the

imposition of the financial-disclosure and income-tax-return conditions.

---

[1]For the purposes of this appeal, we refer to the two conditions at issue as the "financial-disclosure condition" and the "income-tax-return condition," respectively.

## II. ANALYSIS

### A. Ripeness

As an initial matter, the government argues that Gaynor's appeal is not ripe for review because Gaynor must first complete his term of imprisonment before challenging a condition of supervised release. We have infrequently concluded that a challenge to a condition of supervised release is not ripe before the term of imprisonment is served. *E.g.*, *United States v. Lee*, 502 F.3d 447, 449–51 (6th Cir. 2007). However, none of the factors motivating our conclusion in *Lee* are present in this case. Central to our decision in *Lee* was our observation that it "was mere conjecture" that the defendant would ever actually be subject to the condition at issue: the defendant first had to complete a term of 188 months in prison, the probation office had discretion to determine whether the condition was necessary, and we had reasons to doubt that the condition's methodology would still be used by probation officers after fifteen years. *Id.*; *accord United States v. Evers*, 669 F.3d 645, 661–62 (6th Cir. 2012). By contrast, when special conditions "are not potential"—that is, when "they are mandatory" upon completion of a term of imprisonment—we have concluded that they are ripe for immediate review. *United States v. Zobel*, 696 F.3d 558, 573 (6th Cir. 2012) (emphasis omitted). Such is the case here. Gaynor received a short term of imprisonment, after which time he will be required to make full financial disclosures to his probation officer and file his income-tax returns. It is not mere conjecture that these conditions will apply as soon as Gaynor completes his term of imprisonment. Gaynor's challenge to his conditions of supervised release is thus ripe for review.

No. 12-6416
*United States v. Gaynor*

**B. Standard of Review**

The parties dispute what standard of review we should apply. Ordinarily, "[w]e review the imposition of a supervised-release condition for abuse of discretion." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006); *accord United States v. May*, 568 F.3d 597, 607 (6th Cir. 2009); *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007), *cert. denied*, 552 U.S. 1211 (2008). However, Gaynor did not object to the imposition of any special condition at the time of sentencing. We have held that, if a defendant fails to object at sentencing to the imposition of a special condition, then we will review the imposition of the condition only for plain error. *United States v. Dotson*, 715 F.3d 576, 583 (6th Cir. 2013); *United States v. Doyle*, 711 F.3d 729, 732 (6th Cir. 2013); *Zobel*, 696 F.3d at 573; *United States v. Inman*, 666 F.3d 1001, 1003 (6th Cir. 2012). Nevertheless, although he concedes that any procedural error would be subject to plain-error review, Gaynor argues that we should review his sentence for substantive reasonableness under the abuse-of-discretion standard. In the broader sentencing context, we have concluded that "we review all substantive arguments [under 18 U.S.C. § 3553(a)] for abuse of discretion and reasonableness," even if the defendant did not raise his objection before the district court. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010) (citing *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc)), *cert. denied*, — U.S. —, 131 S. Ct. 2962 (2011). We need not resolve this potential conflict here because we conclude that, even under the standard more favorable to Gaynor, the district court did not abuse its discretion in imposing the financial-disclosure and income-tax-return conditions.

## C. Financial-Disclosure & Income-Tax-Return Conditions

We review a district court's imposition of a special condition of supervised release along both procedural and substantive dimensions. *Carter*, 463 F.3d at 528–29. Gaynor concedes that the district court did not commit procedural error when it imposed the special conditions of supervised release. Appellant's Br. at 9. Accordingly, we consider only the substantive dimension. With respect to this substantive dimension, "[a] sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements." *Carter*, 463 F.3d at 529 (footnote omitted). Those requirements are established in 18 U.S.C. § 3583(d), which states in pertinent part as follows:

> The court may order, as a further condition of supervised release, to the extent that such condition--
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);
> any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

First, with respect to § 3583(d)(1), the condition of supervised release must be reasonably related to the following factors: "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need . . . to afford adequate deterrence to criminal conduct," "the need . . . to protect the public from further crimes of the defendant," and "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other

5

correctional treatment in the most effective manner." § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

Second, with respect to § 3583(d)(2), we consider all but the first of the same four factors in determining whether a condition of supervised release involves a greater deprivation of liberty than is reasonably necessary.[2]

Gaynor argues that a condition requiring him to disclose financial information to his probation officer is not reasonably related to either the nature and circumstances of his offense or to his history and characteristics.[3] We consider first whether such a condition is reasonably related to Gaynor's offense. This court and others have affirmed special conditions requiring a defendant to amend or disclose his income-tax returns when the underlying offense involved financial deceit or misconduct. *E.g.*, *May*, 568 F.3d at 607–08 (tax evasion); *United States v. Mansur-Ramos*, 348 F.3d 29, 33 (1st Cir. 2003) (selling stolen firearms); *United States v. Ensminger*, 174 F.3d 1143, 1147–48 (10th Cir. 1999) (offenses relating to "attempts to defraud financial institutions"). Likewise, courts have affirmed the imposition of broad financial-disclosure conditions under similar

---

[2]With respect to § 3583(d)(3), the Guidelines recommend imposing a financial-disclosure condition "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine." U.S.S.G. § 5D1.3(d)(3). However, none of these antecedent conditions apply in this case. *See* R. 42 (Sent. Hr'g Tr. at 43) (Page ID #103). Neither party has identified any other policy statement that would be pertinent to this appeal.

[3]Gaynor apparently interprets the income-tax-return condition to require that he disclose his income-tax returns to his probation officer. It seems rather that this obligation arises under the financial-disclosure condition; the income-tax return condition does not mention disclosure, but rather *filing* of income-tax returns, whereas full financial disclosure presumably would entail disclosing one's income-tax returns. Regardless, we address the substance of Gaynor's complaint—namely, that he is being required to disclose his finances generally, and his income-tax returns in particular.

circumstances. *E.g.*, *United States v. Garcia*, 522 F.3d 855, 861–62 (9th Cir. 2008) (drug-trafficking conspiracy); *United States v. Behler*, 187 F.3d 772, 780 (8th Cir. 1999) (offenses relating to drug trafficking); *Ensminger*, 174 F.3d at 1147–48 (offenses relating to "attempts to defraud financial institutions"). The instant case, however, does not present any reason to suspect financial deceit or misconduct. Gaynor pleaded guilty to being a felon in possession of a firearm. Nothing about the *possession* of a firearm, illegal or otherwise, suggests a need to monitor Gaynor's finances. Nor do the circumstances of Gaynor's case imply any financial deceit or misconduct; the police discovered Gaynor's firearm during a routine traffic stop. We have previously vacated the imposition of a financial-disclosure condition when the underlying offense—possession of child pornography—was not reasonably related to the condition, and when the district court provided no explanation for imposing the condition that would permit meaningful appellate review. *See Inman*, 666 F.3d at 1006.

Nevertheless, in the instant case the district court provided sufficient information for us to conclude that requiring Gaynor to disclose his finances to his probation officer is reasonably related to Gaynor's characteristics and criminal history. *Cf. United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005) (upholding a financial-disclosure condition on the basis of a defendant's history of selling drugs). First, with respect to history, we consider the defendant's entire criminal history. *Carter*, 463 F.3d at 531. As the district court discussed at length, at the time of his conviction Gaynor had already participated in several criminal offenses involving theft, robbery, and burglary. R. 42 (Sent. Hr'g Tr. at 30–33) (Page ID #90–93). A condition requiring the disclosure of financial information

7

is reasonably related to the district court's stated goal of rehabilitation because requiring Gaynor to provide financial updates will deter him from returning to criminal activities as a source of financial stability. *See Carter*, 463 F.3d at 529 (recognizing that a condition of supervised release should be "'reasonably related to the dual goals of probation, *the rehabilitation of the defendant* and the protection of the public'" (emphasis added) (quoting *United States v. Bortels*, 962 F.3d 558, 560 (6th Cir. 1992))).[4] Second, our conclusion is bolstered by considering the characteristics of the defendant. The district court addressed repeatedly Gaynor's ability and desire to overcome his criminal history and to secure a stable life. R. 42 (Sent. Hr'g Tr. at 37–39, 45) (Page ID #97–99, 105). Indeed, Gaynor himself sought "the longest period of supervision allowed," which his attorney explained was "so that Mr. Gaynor cannot only be monitored, but he can utilize the benefits that probation will be able to provide to him to help structure his successful return to society." *Id*. at 24 (Page ID #84). A condition requiring Gaynor to disclose his finances provides the monitoring and structure that Gaynor sought and that the district court suggested was necessary to "make that turn" away from Gaynor's prior criminal history. *Id*. at 45 (Page ID #105). Because this requirement is reasonably related to Gaynor's history and characteristics, we conclude that the district court did not abuse its discretion in requiring Gaynor to make full financial disclosures, which include disclosure of his income-tax returns.

---

[4]While rehabilitation is "an unsuitable justification for a prison term" and thus should not be considered by a district court when imposing a term of imprisonment, *Tapia v. United States*, — U.S. —, 131 S. Ct. 2382, 2388 (2011) (interpreting 18 U.S.C. 3582(a)), Congress has not similarly restricted district courts from considering rehabilitation when imposing a term of supervised release. *See* 18 U.S.C. § 3583(c) (citing 18 U.S.C. § 3553(a)(2)(D)).

Gaynor argues separately that the income-tax-return condition would require him to file a tax return even in a year when, under federal law, he may have no such filing obligation. Appellant's Br. at 10–11 (citing I.R.S. Tax Tip 2011–12 (Jan. 4, 2011), *available at* http://www.irs.gov/uac/Do-I-have-to-File-a-Tax-Return%3F). However, "[t]here are some instances when you may want to file a tax return even though you are not required to do so." I.R.S. Tax Tip 2011–12 (Jan. 4, 2011), *supra*. As the discussion at sentencing makes clear, the district court intended for Gaynor to file tax returns as part of Gaynor's rehabilitation—in particular, in an effort to inculcate habits of good citizenship—in light of Gaynor's frequent past incidents of criminal activity. R. 42 (Sent. Hr'g Tr. at 45) (Page ID #105). Particularly in light of the fact that Gaynor sought out the structure of supervised release to assist in his reintegration into society, we cannot conclude that the district court abused its discretion in requiring Gaynor to file income-tax returns. In summary, we conclude that the district court did not abuse its discretion when it imposed the financial-disclosure and income-tax-return conditions on Gaynor's three-year term of supervised release.

### D. Discrepancy Between Written & Oral Communications

Gaynor argues in the alternative that the financial-disclosure condition contained in the district court's written judgment is inconsistent with the district court's oral statements made during sentencing. At sentencing, the district court told Gaynor that "[y]ou are to seek and maintain full-time employment and you are to file your income tax returns and make disclosures to the probation officer." R. 42 (Sent. Hr'g Tr. at 45) (Page ID #105). Meanwhile, the written judgment states that

9

"[t]he defendant shall make full financial disclosure to the Probation Officer." R. 37 (Judgment at 4) (Page ID #52).

We have recognized that "if there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), *cert. denied*, 532 U.S. 952 (2001). However, in this instance, we conclude that there is no discrepancy between the oral pronouncement and the written judgment. At most, the written judgment further clarified the district court's clear intention that Gaynor make full financial disclosures as a means of assisting Gaynor to transition away from his past criminal history and towards legal activity. Because we conclude that no discrepancy exists between the two descriptions of the financial-disclosure condition, the terms of the condition as identified in the written judgment apply.

### III. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the judgment of the district court.

10