**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0214n.06

Nos. 18-3458/3395

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| DONA BATTLE (No. 18-3458); | ) | **OPINION** |
| JOHN WISE (No. 18-3395), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

**FILED**
Apr 25, 2019
DEBORAH S. HUNT, Clerk

Before: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge.  Dona Battle and John Wise pleaded guilty to their respective roles within a large drug conspiracy.  They now appeal various aspects of their sentences.  We affirm.

**I.**

A federal grand jury indicted Battle and Wise—along with fifteen other individuals—as part of a conspiracy to distribute cocaine.  The investigation focused on Battle, who would obtain powder cocaine, cook it into crack cocaine, and then distribute the crack around northern Ohio.  Wise was Battle's primary driver.  To fuel his own addiction, Wise would deliver drugs for Battle.  And Battle would refer customers to Wise.

Both Defendants pleaded guilty to their roles in the conspiracy—entering written plea agreements with the government.  At sentencing, the district court considered Defendants'

enduring histories with drugs and crime. Battle has fourteen convictions dating back to 1992; ranging from drug trafficking, drug possession, and driving under the influence. As the district court put simply, "he has just been a drug trafficker his entire life." (Battle Sentencing Tr., R. 404 at 16.) And Wise adds fifteen convictions of his own, including drug trafficking, possession of crack cocaine, and various thefts. These convictions caused the district court to sentence Battle as a career criminal and influenced the district court to impose longer sentences to deter Defendants and protect the public.

The district court sentenced Wise to 33 months in prison—12 months longer than recommended by the Sentencing Guidelines. Battle received 210 months. Both sentences included identical terms of supervised release: ten years following release from prison. Each defendant now appeals his sentence for various reasons.

**II.**

Battle raises three issues with his sentence. But before we can reach those issues, we must address Battle's procedural hurdle: his appellate waiver. In his plea agreement, Battle waived his right to appeal his sentence if the sentence did not exceed his Guidelines range or any statutory maximum. But neither exception applies here. Battle's sentence of 210 months, with 10 years of supervised release, fell within his Guidelines' range of 168 to 210 months.

So to get around his waiver, Battle styles his appeal as a claim of ineffective assistance of counsel, which he raises now for the first time. Generally, we "will not review an ineffective assistance of counsel claim that is raised for the first time on appeal." *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998) (internal quotation and citation omitted). Instead, such claims "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties

2

have had the opportunity develop an adequate record" in the district court. *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999). There are, however, exceptions to this rule. And the government concedes that one applies here: we can review such a claim "where the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (internal quotation and citation omitted). As a result, we will address the merits of Battle's claim for ineffective assistance of counsel.

Battle argues that his attorney made three mistakes. First, his attorney did not object when the district court imposed a 10-year term of supervised release. Second, his attorney did not object when the district court considered him a career offender. And finally, his attorney did not object when the court "assumed" some facts during sentencing.

To succeed on any one of these claims, Battle "must establish two things." *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019). "First, that the attorney's performance fell below 'prevailing professional norms.'" *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "And second, that the attorney's poor performance prejudiced the defendant's case." *Id.* But we need not address both elements. "In fact, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Indeed, this course is often followed because "[p]roving prejudice is not easy." *Id.* Battle "faces a 'high burden' in demonstrating 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011)). Battle cannot meet this prejudice standard for any one of the three alleged mistakes.

*Supervised Release*. Battle's first argument is that he received ineffective assistance of counsel when his attorney failed to object to his 10-year term of supervised release. Before pleading guilty, Battle knew that eight years was his *minimum* period of supervised release. (Battle Plea Agreement, R. 168 at 2.) But Battle claims this notice was not enough. Instead, Battle argues that the district court (or his attorney) should have advised him of the *maximum* term of supervised release. Battle relies on Rule 11, which requires a district court to inform a defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). But Rule 11 does not require strict compliance. Rather, "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

To begin, it does not seem that the district court made any error, harmless or otherwise. The crime Battle pleaded guilty to, 21 U.S.C. § 841, provides no maximum term of supervised release. *United States v. Dominguez,* 513 F. App'x 458, 461 n.1 (6th Cir. 2013). That means the district court correctly advised Battle of the sentence he faced: a minimum of eight years of supervised release. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. And as Battle concedes, this language "suggests that the district court could impose a term greater than eight years." (Battle Reply at 5; Battle Br. at 15.) So Battle knew that he could receive a sentence of ten years.

Regardless, we have found harmless error in cases that arguably involved allegations of more egregious errors. *See, e.g.*, *United States v. Williams*, 899 F.2d 1526, 1530–31 (6th Cir. 1990). In *Williams*, the defendant entered a plea agreement that advised him that he would receive *some* term of supervised release. *Id.* at 1531. The plea agreement, however, did not inform the defendant of the minimum or maximum term of supervised release. *See id.* So when the district

4

court imposed an eight-year term, the defendant objected under Rule 11. *Id.* at 1528. But we found any error harmless because the plea agreement gave notice that supervised release was mandatory—and the defendant admitted that he would have still pleaded guilty even if the court had informed him of the mandatory minimum term. *Id.* at 1531. In other words, the defendant knew about his supervised release and a different Rule 11 advisement would not have changed anything.

Here, Battle suffered even less prejudice than the defendant in *Williams*. Battle received some numerical guidance from the district court: a minimum of eight years. Indeed, this advisement of Battle's minimum term likely would have satisfied the *Williams* court that no error occurred. *See* 899 F.2d at 1531. And like *Williams*, Battle admits that "he is not seeking to withdraw his plea." (Battle Br. at 15.) It makes sense then that Battle's attorney did not object because it would not have changed anything. Battle received the very sentence he anticipated: *at least* eight years. If Battle's attorney made any error at all, it was harmless.

None of the cases Battle relies on compels a different result. For example, in *United States v. Reader*, the district court incorrectly advised the defendant "that three years was the *maximum* period of supervised release." 254 F. App'x 479, 481 (6th Cir. 2007) (emphasis added). To the defendant's surprise, the district court sentenced him to a 10-year term. So we vacated the plea and sentence. *Id.* at 482. But advising a defendant of an incorrect maximum term is a very different situation than advising a defendant of a correct minimum term. The former results in an inconsistent and unexpected sentence (i.e., you get ten years when you thought you could only get three). But the latter results in a consistent and expected sentence (i.e., you get ten years when you

knew you were getting at least eight, but maybe more). As a result, we find any error harmless, which cannot support an ineffectiveness claim under *Strickland*.

*Career Offender Status.* Battle's second argument is that he received ineffective assistance of counsel when his attorney failed to object to his career offender status. To become a career offender under the Sentencing Guidelines, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Battle admits that he has two prior convictions that qualify for the enhancement. On April 20, 2006, Battle was arrested and charged with two counts of trafficking drugs—crack cocaine and ecstasy. Two months later, Battle was arrested again and charged with two counts of trafficking crack cocaine. The state court sentenced Battle for both crimes on the same day. And it ordered his two sentences, of sixteen months and two years respectively, to run concurrently.

Battle argues that we should consider these two crimes—that took place two months apart and charged in two different indictments—as just one prior conviction. He relies on the exception to the "single sentence" rule, which is used to "determine whether [multiple prior] sentences are counted separately or treated as a single sentence." *See* U.S.S.G. § 4A1.2(a)(2). Under this exception, "prior sentences are counted separately unless . . . the sentences were imposed on the same day." *Id.* So Battle argues that we should count his April and June arrests as just one prior conviction because the state court sentenced him for both on the same day. But Battle ignores the mandatory predicate that comes before the exception. The exception applies only "[i]f there is no intervening arrest." *Id.* The general "single sentence" rule also makes this clear: "Prior sentences *always* are counted separately if the sentences were imposed for offenses that were separated by

an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *Id.* (emphasis added).

Picture it this way. If the district court counted Battle's April 2006 arrest for trafficking crack cocaine and ecstasy as two predicate offenses, this exception would apply. Battle was arrested for both offenses on the same day—and the state court sentenced him on the same day. But that's not the situation here. Battle was arrested for trafficking drugs in April 2006. Then two months later, he was arrested for trafficking more drugs. Under the Sentencing Guidelines, these two crimes must count as two predicate offenses because time passed between Battle's April and June arrests. *United States v. Tatum*, 743 F. App'x 589, 594 (6th Cir. 2018) (citing *United States v. Gale*, 468 F.3d 929, 936 (6th Cir. 2006)) ("If the court determines that the convictions at issue are separated by intervening arrests—i.e., the defendant was arrested for the first offense prior to committing the second offense—then its inquiry ends."). As a result, Battle cannot suffer any prejudice because the exception cannot apply—and his ineffectiveness claim fails.

*Facts During Sentencing*. Battle's final argument is that he received ineffective assistance of counsel when his attorney failed to object to some facts mentioned during sentencing. According to Battle, the district court made two unsupported factual assumptions that caused his sentence to become unreasonable. First, that Battle was involved in violent crime because he was involved in a drug conspiracy. And second, that Battle's children were in the home while he was dealing drugs.

It is true that a district court cannot base a sentence on impermissible factors, such as unreasonable speculation. *See United States v. Van*, 541 F. App'x 592, 597 (6th Cir. 2013) (relying on *United States v. Hughes*, 283 F. App'x 345, 351–53 (6th Cir. 2008)). But where, like here, a

7

sentence "falls within a properly calculated guidelines range," we presume the sentence is reasonable. *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007). And looking at the full context of Battle's sentencing record, the district court did not consider impermissible factors or speculate. Thus, Battle cannot overcome the presumption of reasonableness.

First, the district court did mention that there was "some evidence of possession of firearms in the PSI, which, of course, guns and drug dealing goes hand-in-hand." (Battle Sentencing Tr., R. 404 at 16.) But even if this were somehow an improper statement, the district court qualified it twice: "The defendant has no history of violence" and "[t]he defendant has no convictions, though, that we can point to as it relates to violence or any other evidence of . . . violence." (*Id.*) Second, the district court also qualified its statement about Battle's children: "Sadly, they were present in the home, *potentially* present in the home when drugs were either being sold, created, or both. And that is certainly tragic." (*Id.* at 17 (emphasis added).) The district court made this statement in the context of discussing Battle's family situation.

The district court then moved on from both topics. Instead, the court began focusing on what it called "[t]he defendant's activities in terms of the need for the sentence imposed." (*Id.*) The district court discussed Battle's "lengthy criminal history record and . . . tendency to continue to traffic in drugs even after he is released from custody." (*Id.* at 18.) So it was Battle's career as a drug dealer that drove the district court's within-Guidelines sentence. *See* 18 U.S.C. § 3661. In other words, there is no indication that the district court improperly sentenced Battle because he was a violent drug dealer—or because his children were present in the home. As a result, Battle cannot meet his "high burden" to show prejudice under *Strickland*. We affirm Battle's sentence.

**III.**

Wise raises two issues with his sentence, both of which attack the district court's sentence as substantively unreasonable. The district court sentenced Wise to 33 months, which was 12 months above his Guidelines' range of 15–21 months. Wise argues that the district court improperly weighed the sentencing factors by placing too much weight on his criminal history—and not enough weight on his positive factors. Wise also argues that his 10-year term of supervised release is unreasonable. We review Wise's sentence for abuse of discretion. *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009).

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster*, 514 F.3d 508, 520 (6th Cir. 2008). In contrast, a sentence is not unreasonable where "the record indicates that the district judge carefully reviewed and weighed all the relevant information." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

Wise concedes that the district court considered the relevant sentencing factors from 18 U.S.C. § 3553(a)—and our review of the record confirms as much. The district court extensively discussed Wise's criminal history and struggles with drug addiction. The district court also discussed mitigating factors, such as Wise's difficult childhood, mental health issues, and employment. When it came to supervised release, the district court again reviewed the relevant factors and explained why it was imposing a longer sentence: "because of [his] prior record and history, his continuing pattern of recidivism, [and] his continuing pattern of not complying with earlier sanctions." (Wise Sentencing Tr., R. 381 at 20.) And the district court again considered

9

his mental health and addiction problems, encouraging Wise to deal with these issues or else "he will go back to prison for a long time to protect our communities." (*Id.* at 20–21.) *See also United States v. Gaynor*, 530 F. App'x 536, 541 n.4 (6th Cir. 2013) (explaining that a district court can consider "rehabilitation when imposing a term of supervised release").

Wise's argument, instead, "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). But we will not reweigh these sentencing factors in the first instance. *Id.* As a result, the district court did not abuse its discretion. We affirm Wise's sentence.

\*       \*       \*

We affirm the district court and the sentences.