RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0242p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LEE JONES,

*Defendant-Appellant*.

No. 21-3636

Appeal from the United States District Court for the Northern District of Ohio at Youngstown.
No. 4:20-cr-00750-1—Dan A. Polster, District Judge.

Argued: November 1, 2022

Decided and Filed: November 16, 2022

Before: McKEAGUE, THAPAR, and READLER, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jack Millman, JONES DAY, New York, New York, for Appellant. Rebecca C. Lutzko, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jack Millman, JONES DAY, New York, New York, for Appellant. Rebecca C. Lutzko, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

THAPAR, Circuit Judge. Lee Jones pled guilty to being a felon in possession of a firearm, but the district court did not ensure that his plea was knowing and voluntary. Thus, we vacate Jones's sentence.

I.

The police pulled Jones over for a traffic violation.  What began as a routine traffic stop soon spiraled out of control.  Ignoring the officers' repeated demands that he step out of the car, Jones rolled up his window, sped off, crashed the car, and then ran until the police arrested him.  The police seized an AR-15 and a handgun from the wrecked car.  Jones was charged as a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  He pled guilty without a plea agreement.

Jones appeals because of how the district court explained the Sentencing Guidelines at the change-of-plea hearing.  First, the district court informed Jones of the maximum statutory penalties he faced.  Jones immediately claimed he "didn't understand" because he "thought [his] guideline was something different."  R. 28, Pg. ID 135.  But the court hadn't discussed the Sentencing Guidelines yet, just the statutory maximums.  Eventually, the court did reach the Guidelines.  The court asked Jones if he had discussed the Guidelines with his lawyer.  Jones said he had.  The government claimed the Guidelines called for 21 to 27 months' imprisonment.  Jones's lawyer argued the correct range was 12 to 18 months.  The district court said it would have to decide between the parties' proposals.  At the time, no one recognized the problem with this statement.  Without a plea agreement that specified the sentencing range, the court was not bound by the parties' Guidelines calculations.  *See* Fed. R. Crim. P. 11(c)(1)(C).  But Jones was unaware of that possibility.  At the end of the hearing, the court informed Jones that the Probation Office would prepare a presentence investigation report ("PSR"), which the court would "use at sentencing."  R. 28, Pg. ID 146.

When the PSR recommended 46 to 57 months' imprisonment, Jones was understandably confused.  He hadn't realized the district court could sentence him to more time than the government originally requested.  He claimed that if he had known, he would have fought the charge or taken a plea deal.  The court recognized that if it hadn't told Jones it could sentence him above the government's recommendation, it should have.  So the court informed Jones that even though it was rather late in the proceedings, he could move to withdraw his guilty plea. But the court warned it might deny the motion, and if it did, Jones would lose credit he received for accepting responsibility and pleading guilty.  All the while, the government remained silent.  When the government finally did speak, it asked for a sentence of 57 months—much more than

the 21-to-27-month range it referenced at the change-of-plea hearing. Ultimately, Jones went through with his guilty plea, and the court sentenced him to 57 months' imprisonment.

## II.

Federal Rule of Criminal Procedure 11 ensures that defendants' guilty pleas are knowing and voluntary. *See United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013). The government concedes Jones's plea did not meet this standard. We agree. The district court should have warned Jones that it would decide his sentence irrespective of the parties' Guidelines calculations. *See* Fed. R. Crim. P. 11(b)(1)(M); *cf. United States v. Austin*, 830 F. App'x 460, 464 (6th Cir. 2020) (holding there was no Rule 11 violation because the court said it would independently decide the sentence, despite the parties' recommendations). That leaves the question of remedy.

Jones argues the error makes him eligible for resentencing to no greater than 27 months' imprisonment—the maximum the government referenced at the change-of-plea hearing. His opening brief clearly and cogently explained why he believed he was entitled to that remedy. The government responded with a single sentence asserting he was not entitled to that remedy, without citation or any explanation, in the conclusion of its brief. It later supplemented that sentence with a Rule 28(j) letter advising us of a decision issued four years ago. This is an obvious forfeiture. The government failed to develop any argument against Jones's proposed remedy. But the government's error doesn't automatically entitle the defendant to whatever *remedy* he seeks. As the Supreme Court has explained, courts have an independent obligation to get the law right in criminal cases. *Young v. United States*, 315 U.S. 257, 258–59 (1942). In *Young*, the government confessed error, but the Supreme Court accepted that confession only after independently reviewing the alleged errors. *Id.* at 259–61. The Court warned that "the proper administration of the criminal law cannot be left merely to the stipulation of parties." *Id.* at 259 (citations omitted). *Young* is about a stipulation, but it applies just as forcefully to forfeiture. For example, a court could not sentence a defendant to less than the statutory

minimum just because the government failed to object. In short, the government's forfeiture does not allow the court to order a remedy that is contrary to law.[1]

Of course, not every forfeiture would result in a remedy that is contrary to law, but here it would. Jones asks us to cap the sentencing court's discretion at 27 months. But there's only one way a defendant can cap the district court's sentence: a binding plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). And Jones didn't obtain one, so we have no basis for limiting the district court's sentencing discretion.

The Federal Rules of Criminal Procedure provide an elaborate process before the district court accepts a binding plea agreement. In most cases, district courts should review the PSR first. *See* Fed. R. Crim. P. 11(c)(3)(A); *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018). After performing that review, district courts can even reject pleas outright. *Cota-Luna*, 891 F.3d at 651 (Kethledge, J., concurring in the judgment). That's because the court must ensure the sentence serves the public interest and satisfies the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). The remedy Jones requests would short-circuit that whole process. It would deprive the district court of sentencing discretion without the coordinate procedural protections the plea process usually affords. In effect, Jones asks us to impose a binding plea agreement—even though he didn't obtain one—just because the district court erred. That's not a remedy a court, charged with the proper administration of the criminal law, can award.

So what remedy is available? Because Jones's plea was unknowing in violation of Rule 11, he may "plead anew." *McCarthy v. United States*, 394 U.S. 459, 472 (1969), *superseded on other grounds by rule*, Fed. R. Crim. P. 11(h); *United States v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995) (discussing the available remedies for Rule 11 violations). Thus, the proper remedy is to vacate Jones's plea and remand for him to plead anew.

---

[1]In some cases, the law won't be clear. Courts facing difficult legal questions with uncertain answers need not attempt to figure it all out themselves without the parties' assistance. *See Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017) ("[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves." (citation omitted)). In those situations, courts can appropriately hold the government to its forfeiture.

Jones resists this conclusion.  He argues that even though "precedent does not *compel*" us to order resentencing, we should in this case.  Reply Br. 9.  But Jones's argument invokes our habeas jurisprudence, where we possess "broad discretion in crafting remedies for constitutional errors."  *Ruelas v. Wolfenbarger*, 580 F.3d 403, 410 (6th Cir. 2009) (cleaned up).  For example, in a habeas case we ordered a state prisoner to be resentenced without vacating his guilty plea.  *See Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).  That makes sense.  Because of federalism and comity, we grant the least disruptive remedies possible to redress constitutional violations in state courts.  But Jones entered his plea in federal court, where Rule 11 applies.  And *McCarthy* prescribes the remedy for this Rule 11 violation:  The defendant may "plead anew."  394 U.S. at 472.  So Jones's appeal to our habeas caselaw falls flat.

Jones also relies on our unpublished opinion in *United States v. Smagola*, 390 F. App'x 438 (6th Cir. 2010).  True, *Smagola* ordered resentencing rather than vacating a federal defendant's plea.  *Id.* at 444.  But *Smagola* is unpublished and unpersuasive.  It ignores the distinction between guilty pleas entered in state and federal court.  Because *Smagola* is unpublished and disregards this important principle of federalism, we need not follow it.

In short, the proper remedy for an unknowing plea entered in violation of Rule 11 is allowing the defendant to plead anew.  If the government had argued that here, that's the remedy we would order.  But because the government forfeited any objection to Jones's proposed remedy, we grant the closest remedy the law permits.  We can't strip the district court of its sentencing discretion absent a binding plea agreement.  But we can give the district court the option of resentencing Jones to no more than 27 months or allowing him to plead anew.  In making that decision, the district court may consider any of the relevant sentencing factors, including post-sentencing rehabilitation.  *See Pepper v. United States*, 562 U.S. 476, 490–91 (2011).  This choice preserves the district court's discretion and comports with the Supreme Court's decision in *McCarthy*.

\*          \*          \*

We vacate the district court's sentence and remand for further proceedings consistent with this opinion.